# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REYNA GABRIELA GUTIERREZ-ALVAREZ,<br><br>         Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>         Respondent. | CASE NO. 08CV0349-LAB<br>[Related Case 07cr2696-LAB]<br><br>**ORDER DENYING 28 U.S.C.<br>§ 2255 MOTION FOR HABEAS<br>RELIEF**<br><br>[Dkt No. 32] |

This matter is before the court on the 28 U.S.C. § 2255 Motion of Reyna Gabriela Gutierrez-Alvarez ("Petitioner"), proceeding *pro se*, to vacate, set aside, or correct her sentence imposed January 7, 2008, following her guilty plea to one count of aiding and abetting and transporting undocumented aliens (8 U.S.C. § 1324(a)(1)(A)(ii) and (v)(II)). Dkt No. 21. The maximum penalty for the offense was 5 years in prison, among other things, as recited in the Plea Agreement she signed. That document also explained the actual sentence imposed would be based on the factors set forth in 18 U.S.C. § 3553(a), and the sentencing judge would take into account the advisory United States Sentencing Guidelines, and the court could impose a sentence up to the maximum in the statute of conviction. Dkt No. 21 pp. 8-9.

In response to Petitioner's Motion, the court instructed the Government to procure and lodge transcripts of Petitioner's change of plea hearing and of her sentencing hearing for purposes of evaluating her claim for relief. From the face of that record, the court finds it may summarily adjudicate the habeas petition.

At her change of plea hearing, Petitioner waived her right of appeal or collateral attack on any sentence ultimately imposed if that sentence was at or below the agreed six-month custody recommendation, 10/16/07 R.T. p. 18. At her sentencing hearing, the Government recommended six months with three years supervised release, as contemplated in the Plea Agreement. 1/7/08 R.T. p. 7. The undersigned District Judge determined a longer sentence would be appropriate. The court discussed on the record the aggravating factors it had identified and the details of its offense level calculation, to conclude the offense level was 11, with a Guideline range of 8 to 14 months. The court considered the 18 U.S.C. § 3553(a) factors before finding the middle of that range to be her appropriate sentence, imposing 12 months custody, followed by three years supervised release. 1/7/08 R.T. pp. 7-9. The court acknowledged that sentence fell outside the agreed range because of the court's determination the agreed range did not adequately or accurately take the Guidelines into account. The court informed Petitioner the sentence accordingly "does trigger the right to appeal," notwithstanding the express waivers in the Plea Agreement and on the record at her change of plea hearing. 1/7/08 R.T. 9:22-25.

> THE COURT: The court advises you, Ms. Gutierrez, that you have a right to appeal the judgment and sentence of this court Your notice of appeal has to be filed within 10 days; has to be filed in this court. [Your attorney] will help you or the Clerk of the Court will help you if you choose to appeal. It is likely to be free of charge to you since you are represented by appointed counsel. [¶] Do you understand your right to appeal?
>
> THE DEFENDANT: Yes.

1/7/08 R.T. 10:5-13.

Petitioner did not file a Notice of Appeal. Instead, on February 25, 2008, forty-five(45) days after entry of judgment, she filed this Motion for habeas relief, alleging as her sole ground for relief: ineffective assistance of counsel for purported failure to "explain the

1 consequences of me signing the plea agreement," and because "counsel promise[d] that I
2 was getting 6 months prison and 6 months halfway house."[1] Mot. p. 5. The court finds the
3 claim to be without merit for purposes of habeas relief.

4     The United States Supreme Court clearly established the elements essential to state
5 a cognizable claim for ineffective assistance of counsel and how to evaluate such claims in
6 Strickland v. Washington, 466 U.S. 668 (1984). *See* Williams v. Taylor, 529 U.S. 362, 391
7 (2000) (stating it is beyond question that Strickland is the "clearly established" law governing
8 ineffective assistance of counsel claims). A petitioner must show how his or her counsel's
9 performance was deficient and that counsel's deficient performance prejudiced the
10 petitioner, through a demonstration of a "reasonable probability that . . . the result of the
11 proceeding would have been different" but for counsel's conduct or omissions. Strickland
12 466 U.S. at 694. This Petitioner cannot make such a demonstration on her theory counsel
13 made sentencing promises, in consideration of the multiple advisements she received
14 regarding her sentencing range. For example, the Plea Agreement document itself recites:

> Defendant understands the sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). . . . [and] the sentencing judge must consult the [Guidelines], . . . and the court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction. **Defendant understands further that the sentence cannot be determined until a presentence report has been prepared by the U.S. Probation Office** . . . .

Dkt No. 21 8:25-9:9 (emphasis added).

\\

---

[1] The court notes the form 28 U.S.C. § 2255 Motion contains a series of questions associated with any previously-filed "petition, application or motion" *other than* a direct appeal where this Petitioner indicated she had not filed for any such collateral relief from the judgment. Mot. ¶¶10-11. In response to the question why she did not pursue any collateral relief, she responded: "Counsel said there was nothing to appeal." Mot. ¶ 11(e). Standing alone, that response by a petitioner proceeding *pro se* could permit an inference she is contending she was ill-advised regarding the availability of a direct appeal (inasmuch as she substantiates elsewhere in the Motion she did not appeal the judgment of conviction (Mot. ¶ 8)). However, the court declines to construe her Motion more broadly than as asserting as the sole ground for relief alleged promises of her counsel as to the exact sentence she would receive. The court itself informed her of her right to appeal due to the imposition of a higher custodial term than recommended by the Government, her 10-day deadline within which to do so, and of the availability of assistance through the court clerk. Petitioner affirmatively responded to the court's question on the record she understood she had the right to appeal and its timing restrictions.

**SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE**.
[¶] This plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), Defendant understands that the sentence is within the sole discretion of the sentencing judge. . . . Defendant understands that the sentencing judge may impose the maximum sentence provided by statute, and is also aware that any estimate of the probable sentence by defense counsel is a prediction, not a promise, and is **not binding on the Court**. Likewise, the recommendation made by the Government is not binding on the Court and it is uncertain at this time what defendant's sentence will be. Defendant also has been advised and understands that if the sentencing judge does not follow any of the parties' sentencing recommendations, defendant nevertheless has no right to withdraw the plea.

Dkt No. 21 9:13-27 (emphasis in original).

With respect to Petitioner's contention that her counsel never explained the consequences of her signing the Plea Agreement, the thorough colloquy on the record at her change of plea hearing plainly and expressly contradicts any inference she was misinformed or uninformed of the consequences of her plea or was prejudiced by her counsel's omission, even if such an omission occurred.[2] She identified her signature and initials on the Plea Agreement. 10/16/07 R.T. pp. 8-9. She confirmed: she had the opportunity to go over each paragraph of the Plea Agreement; she in fact read it or had it explained to her in a way she could understand; she had time to discuss it with her attorney before she signed it; her attorney answered any question she had; she was satisfied with the advice she received; she had no remaining questions about any of the terms or language of the Plea Agreement. 10/16/07 R.T. pp. 10-11. She acknowledged she understood the maximum punishment she could receive for the charge against her to which she was pleading guilty included five years in prison. 10/16/07 R.T. 13:22-14:5. She was expressly informed:

> THE COURT: Since the sentencing guidelines are not binding on the Court, the sentencing Judge may depart from them and may sentence you up to the statutory maximum in the case. Do you understand that?
> . . .
> MS. GUTIERREZ-ALVAREZ: Yes, sir.
> . . .

---

[2] Counsel assured the court before it accepted Petitioner's plea he had "discussed everything in the plea agreement . . . to the point where you believe . . . she understands it all, including the paragraph about waiver of appeal and collateral attack. . . ." 10/16/07 18:12-18.

> THE COURT: If the sentence you receive is more severe than you expect, you'll still be bound by your plea. While you may have the right to appeal your sentence, you will not have the right to take back or withdraw your guilty plea. Do you understand that?
> . . .
> MS. GUTIERREZ-ALVAREZ: Yes.

10/16/07 R.T.

For all the foregoing reasons, **IT IS HEREBY ORDERED** Petitioner's Motion for 28 U.S.C. § 2255 habeas relief is **DENIED**, and the matter is dismissed in its entirety with prejudice.

**IT IS SO ORDERED**.

DATED: March 28, 2008

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge